IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TAYVON HARVEY,  )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 3:22-cv-420-HEH
 )
CHECKERED FLAG AUTOMOTIVE )
 )
and )
 )
TOYOTA FINANCIAL/ )
TOYOTA MOTOR CREDIT )
CORPORATION, )
 )
        Defendants. )

## MEMORANDUM OPINION
(Dismissing the Amended Complaint)

This matter is before the Court on *pro se* Plaintiff Tayvon Harvey's ("Plaintiff") Amended Complaint, filed on August 19, 2022. (Am. Compl., ECF No. 4.) In a Memorandum Order, entered on July 26, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis*. In the same Order, the Court dismissed Plaintiff's Complaint without prejudice because it failed to state a claim upon which relief could be granted, but the Court gave Plaintiff leave to amend. (Order, ECF No. 2.) Plaintiff then filed his Amended Complaint. For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Congress enacted the federal *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, in part, to help district courts avoid the burden of baseless litigation. Per that statute, district courts have the authority to review and dismiss a complaint prior to filing. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (stating that dismissals under § 1915 are often "*sua sponte* . . . to spare prospective defendants the inconvenience and expense of answering complaints." (citation omitted)). The statute governing IFP filings provides that "the court shall dismiss the case at any time if the court determines that the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) ("28 U.S.C. § 1915(e) . . . governs IFP filings *in addition to* complaints filed by prisoners . . . ." (emphasis added)). The pleading standard against which a claim is analyzed for sufficiency under § 1915(e)(2)(B)(ii) is the same that would

2

be used to analyze a claim challenged by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000)).

To survive a Rule 12(b)(6) challenge, a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In addition, the Court assumes a plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Plaintiff's Amended Complaint alleges that both Checkered Flag Automotive and Toyota Financial/Motor Credit Corporation (collectively "Defendants") took "advantage of [Plaintiff], violated all of [his] consumer rights," "harassed him through Defendant's debt collection practices," and "bullied [him] for months" by "inducing him to purchase a Toyota Rav4" and later repossessing the automobile. (Am. Compl. at 9.) According to Plaintiff, Defendants engaged in 754 violations of federal law, and caused Plaintiff lost

3

wages and "emotional and financial damage" totaling $931,851.36 in monetary damages. (Am. Compl. Attach. 2 at 1, ECF 4-2.)

In a brief one-page argument, Plaintiff details certain facts surrounding the automobile transaction and subsequent repossession at issue. (Am. Compl. at 9.) Specifically, Plaintiff explains why he bought the automobile: "[t]he previous car I owned . . . was a documented lemon and eventually the engine seized. My initial solution was riding my bicycle 10 miles each way to get to work . . . I was in a desperate need of a vehicle." (*Id.*) Plaintiff then articulates that this was his "first time" buying a car from a dealership, that he "fe[lt] like [the dealership] saw [his] inexperience and cut many corners" to try to push the sale, and that he "eventually caved out of desperate need" and "got the vehicle listed" even though the contract for purchase was unsigned. (*Id.*)

Plaintiff then asserts that after the sale took place, his "nerves got the best of [him]" and he was "nervous about the ongoing bills and responsibility of unforeseen maintenance on a vehicle, that [he] hadn't been given ANY information about." (*Id.* (emphasis in original).) Plaintiff further alleges that he was not given any vehicle history from the dealership or "any kind of reassurance," and so he "realized [his] mistake and [he] attempted to contact the dealership" to ask them to "invoke [his] right to recission clause." (*Id.*) From there, Plaintiff contends that he drove home one weekend only to find that Defendants had repossessed his vehicle "instead of working any sort of agreement out" with him. (*Id.*) In his words, Plaintiff "lost his car in the middle of the night . . . in one final moment . . . and had several things stolen from it by the tow company." (*Id.*) Plaintiff then asserts this repossession of the vehicle "violated all of his

4

consumer rights," Defendants "bullied" him, and all of "this is federally illegal and non-compliant." (*Id.*)

Following this one-page document, Plaintiff attached an eight-page document where he lists out the elements of over 45 federal statutes and regulations. (Am. Compl. Attach. 1 at 1–8, ECF 4-1.) At the end of nearly each enumerated statute, Plaintiff states the "alleged debt is invalid, and I demand compensation conducive with the law for the aforementioned violation." (*Id* at 3.) Because the Amended Complaint "supersedes the original and renders it of no legal effect," the Court cannot consider any evidence that was included in the First Complaint but not the Amended Complaint. *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000)). With that in mind, and in viewing the facts most favorably toward Plaintiff, Plaintiff merely makes legal conclusions that are not supported by any facts. Even when the Court liberally construes the Amended Complaint, it is difficult to reconcile Plaintiff's brief, one-page, statement of facts with the Plaintiff's eight pages of mere "recitals of the elements of [each] cause of action." *Iqbal*, 556 U.S. at 678.

Of the statutes cited by Plaintiff, only four claims come close to articulating a claim in Federal Court: (1) Identity Theft in Violation of 18 U.S.C. § 1028A; (2) committing a "billing error" under 15 U.S.C. § 1666a(a) and failing to provide documentary evidence of his indebtedness, in violation of 15 U.S.C. § 1666(a)(3)(B)(ii); (3) violating both 18 U.S.C. § 241 and 15 U.S.C. § 1692d(1) by conspiring and committing prohibited debt collection practices; and (4) refusing to honor the Plaintiff's

5

right of recission under 15 U.S.C. § 1635. (Am. Compl. at 9; Am. Compl. Attach. 1 at 6; Am. Compl. Attach. 2 at 2.) Yet each of these allegations fail to properly state a claim, and the Court will address each in turn.

Plaintiff alleges that Defendants committed Identity Theft in violation of 18 U.S.C. § 1028A. (Am. Compl. Attach. 1 at 2.) To state a cause of action under § 1028A, a plaintiff must show that the defendants knowingly transferred, possessed, or used, without lawful authority, a "means of identification of another person" either during or in relation to one of the statutorily enumerated predicate offenses. 18 U.S.C. § 1028A(a)(1). Here, Plaintiff does not cite a specific section of § 1028A, but instead cites the entire statute. (*Id.*) Upon reviewing § 1028A, the only remotely applicable predicate offense is 18 U.S.C. § 1028A(c)(8), which reads: "any offense that is a felony violation of . . . section 523 of the Gramm-Leach-Bliley Act (15 U.S.C. § 6823) (relating to obtaining customer information by false pretenses)." Although Plaintiff alleges that Defendants violated 18 U.S.C. § 1028A, he does not detail how. In his Amended Complaint, Plaintiff admits that he knowingly "signed [a] mountain of paperwork" and later drove away with a Toyota Rav4. (Am. Compl. at 9.) Plaintiff cannot claim that the Defendants obtained his personal information by false pretenses, and, at the same time state that he knowingly signed "mountain[s] of paperwork," in order to purchase a car from Defendants. (*Id.*; Am. Compl. Attach. 1 at 2.) Plaintiff's claim is incongruent, a legal conclusion, and fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555.

Next, Plaintiff alleges that Defendants violated 15 U.S.C. § 1666a, by failing to provide copies of documentary evidence of his indebtedness. (Am. Compl. Attach. 1 at 1.) Plaintiff states that he received a "statement including the subject matter of an attempt to collect an alleged debt for the Account number ending in – {0186538514}," and a copy of an "unsigned contract" for a debt that he was "disputing." (*Id.*) Plaintiff contends that, upon notifying the Defendants that he was "disputing this alleged debt," he did not receive adequate "assurance of [his] indebtedness," so they violated 15 U.S.C. § 1666a. (*Id.*) Under the Fair Credit Billing Act, creditors are required to provide documentary evidence of a debtor's indebtedness when attempting to collect a debt. 15 U.S.C. § 1666(a)(3)(B)(i). To prevail on a § 1666a claim, plaintiffs must demonstrate: "(l) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the [creditor] to comply with the procedural requirements of § 1666." *Beaumont v. Citibank (South Dakota) N.A.*, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002). Plaintiff does not allege any facts which plausibly indicate a violation of § 1666a. He merely states the "alleged debt is invalid" and he is "disputing this alleged debt." (Am. Compl. Attach. 1 at 1.) These statements are conclusory and provide no plausible inference as to the alleged events that led up to the supposed violations. Thus, this claim does not survive a Rule 12(b)(6) challenge. *See Twombly*, 550 U.S. at 555.

Plaintiff next alleges that Defendants conspired to deprive him of his "rights," in violation of 18 U.S.C. § 241. (Am. Compl. Attach. 1 at 3.) Plaintiff appears to assert such conspiracy and deprivation took place because Defendants repossessed his automobile. (Am. Compl. at 9.) However, Plaintiff does not assert that the Defendants

lacked the *right* to repossess the automobile at issue. In fact, Plaintiff openly admits that he took out a loan with the Defendants and was unable to make required payments. (*Id.*) Given Plaintiff's lack of necessary factual allegations, the Court cannot find a plausible claim that Defendants violated § 241.

Plaintiff further alleges that the Defendants violated 15 U.S.C. § 1692d(2), which prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." This statute specifically prohibits "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." *Id.* Plaintiff claims Defendants "harassed" him in violation of § 1692d(2) when Defendants repossessed his car. (Am. Compl. at 9.) He claims that "several things [were] stolen from [the car]," he "lost many weekends of visitation with [his] daughter," and he is now "being sued for sole legal custody by [his] daughter's Mother." (*Id.*) Even assuming these facts are true, Defendants' conduct does not rise to a level that violates § 1692d. "Subsection 1692d prohibits only oppressive and outrageous conduct" and "is not intended to shield . . . recipients of debt collection activities from the inconvenience and embarrassment that are natural consequences of debt collection." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991) (citing *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1416 (D. Kan. 1986)). Plaintiff's alleged loss of property, embarrassment resulting from repossession, and having his parenting abilities called into question are unfortunate realities that followed the repossession, yet are inadequate assertions for pleading a § 1692d claim. *See Twombly*, 550 U.S. 555; *see*

8

*also Houston v. Elan Fin. Servs.*, 135 F. Supp. 3d 1375, 1381–82 (S.D. Ga. 2015) (holding that "a mere statement that [the plaintiff] suffered mental anguish, anxiety, grief, shock, humiliation, and mental suffering, does not warrant granting [plaintiff's] requested relief").

Lastly, Plaintiff claims Defendants failed to recognize his "right to rescind" in violation of 15 U.S.C. § 1635. (Am. Compl. at 9.) Plaintiff misconstrues the applicability of § 1635 because the statute only applies to the right to rescind a transaction involving a "principal dwelling." 15 U.S.C. § 1635. Plaintiff wished to rescind the purchase of a *vehicle*, not his principal dwelling. Thus, Plaintiff fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555.

After considering each allegation, this Court finds Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and the case should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court believes that any further attempt by Plaintiff to amend his pleadings would be futile. Consequently, Plaintiff's Amended Complaint will be dismissed with prejudice. The Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and therefore, Plaintiff's *in forma pauperis* status will be revoked for the purpose of appeal. Should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

"Because a § 1915[(e)(2)(B)(i)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute the

dismissal does not prejudice the filing of a paid complaint making the same allegations." *Denton*, 504 U.S. at 34. This dismissal, however, could trigger *res judicata* if Plaintiff files additional *in forma pauperis* petitions. *Id.*

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 28, 2022
Richmond, Virginia